TOM LOCKERBIE, INC., Plaintiff,

v.

Frederick FRUHLING, John Frederic Dunckel, and Continental Equipment Corp., Defendants.

No. 58–C–287.

United States District Court
E. D. Wisconsin.

June 26, 1961.

Frank S. Andrus and Elwin A. Andrus, Milwaukee, Wis., John P. Murphy, Washington, D. C., of counsel, for plaintiff.

James E. Nilles, Milwaukee, Wis., Suel O. Arnold, Milwaukee, Wis., of counsel, for defendant.

GRUBB, District Judge.

The parties to this action for unfair use of trade secrets and infringement of a patent have filed the following motions:

1. Defendants' motion to drop Frederick Fruhling, named in his individual capacity, as a party to the action; and

2. Plaintiff's motion to limit the issues in the case and to strike the defenses of invalidity and noninfringement of plaintiff's patent 2,854,827 relating to the machine in suit.

Pursuant to provisions of the pretrial order entered on February 13, 1961, the parties have agreed to waive oral arguments and to submit the issues presented by these motions for the court's determination on the motion papers and briefs.

1. *Motion to drop Frederick Fruhling as a party defendant.*

█ Frederick Fruhling is president of the corporate defendant, Continental Equipment Corporation. Defendants contend that the extensive discovery proceedings had in this case revealed that Fruhling was acting merely as a corporate officer, that the corporation was not organized for the purpose of shielding Fruhling from personal liability, and that he was not the actively moving and guiding spirit in the allegedly illegal activities of the defendants. It is urged, therefore, that Fruhling may not personally be held liable in this action under the holding of Powder Power Tool Corp. v. Powder Actuated Tool Co., Inc., 7 Cir., 1956, 230 F.2d 409, 414. Plaintiff disputes the facts as claimed by defendants in respect to Fruhling's participation in the allegedly wrongful activities.

The court finds that the record in this case does not sufficiently establish the nature and extent of Fruhling's conduct to permit a ruling as to the personal liability of this defendant. Defendants' motion to drop Frederick Fruhling as a party defendant is hereby denied.

2. *Motion to limit the issues and to strike certain defenses.*

While an employee of plaintiff, defendant Dunckel assigned patent application Serial No. 395,184, on which patent 2,854,827 was subsequently issued, to Thomas Lockerbie. These rights were later assigned to plaintiff who alleges infringement. All defendants have interposed denial of infringement and denial of validity of the single claim of the patent in issue.

Plaintiff contends that defendants— the assignor and his privies—are estopped from denying validity and infringement of said patent in this action by the assignee of the application whereon the patent was issued.

█ In actions between an assignor and assignee of a patent, the assignor is estopped from denying validity of the patent, but he is not prevented from denying infringement. On the issue of infringement the court will give a liberal construction to the patent if necessary to preserve its value. The assignor may show the prior state of the art to construe and narrow or qualify the claims of the patent, conceding their validity. Libbey Glass Mfg. Co. v. Albert Pick Co., Inc., 7 Cir., 1933, 63 F.2d 469, 470; Westinghouse Electric & Manufacturing Co. v. Formica Insulation Co., 1924, 266 U.S. 342, 351, 45 S.Ct. 117, 69 L.Ed. 316.

In the Westinghouse case, as in the action before this court, the assignment was that of an application for a patent, rather than of the patent issued thereon. Without precisely defining the scope of estoppel available under these circumstances, the court observed that it would at least be subject to the same limitations as in the case of assignment of a

patent, permitting reference to the state of the art to narrow and qualify the claims.

■ The scope of estoppel in case of assignment of a patent application is further subject to any differences between the claims as allowed by the patent office and the extent of the disclosure of the assignment. Westinghouse Electric & Manufacturing Co. v. Formica Insulation Co., supra, 266 U.S. at page 353, 45 S.Ct. at page 121. There can be no estoppel as to claims not within the original disclosure. Dynamic Balancing Machine Co. v. Akimoff, D.C.E.D.Pa.1922, 279 F. 285, modified in other respects in Akimoff v. Dynamic Balancing Machine Co., 3 Cir., 1922, 285 F. 480.

■ The record at this time does not permit the necessary factual determination to ascertain the extent of estoppel, if any, available to the assignee as against the assignor. Plaintiff's motion to limit the issues is denied.